# EXHIBIT C

| | |
|---|---|
| **From:** | Christine Fuller |
| **To:** | Danielle Jaffee |
| **Subject:** | FW: Confirmation of Receipt and Compliance |
| **Date:** | Wednesday, October 29, 2025 8:54:54 AM |
| **Attachments:** | IMG_0665_jpeg.msg |
| | IMG_0666_jpeg.msg |
| | IMG_0667_jpeg.msg |

**From:** Basil Samara <basil.ali.samara@gmail.com>
**Sent:** Tuesday, July 15, 2025 10:19 PM
**To:** Christine Fuller <cfuller@insulet.com>
**Subject:** Confirmation of Receipt and Compliance

[External email] POD | Protect Our Data

Hi Christine,

I am writing to confirm receipt of your letter dated July 11, 2025.

I confirm that I have permanently deleted the referenced materials from my personal devices and that I have retained no copies.

I also confirm that I did not share, and never intended to share, any of this content with anyone outside of Insulet.

I understand and will continue to fully comply with all of my obligations under my Confidentiality, Non-Solicit, Non-Compete, and IP Assignment Agreement with Insulet Corporation.

Please let me know if you need any additional information from me.

Thank you,
Basil Samara

Docusign Envelope ID: 7D07BD1E-FF4C-4909-80E6-C7C8A205155E



**Insulet**
maker of Omnipod

Insulet Corporation
100 Nagog Park
Acton, MA 01720

July 11, 2025

**VIA ELECTRONIC MAIL**

Basil Samara
12349 Destin Loop
Venice, FL 34293
basil.ali.samara@gmail.com

RE: **POST-EMPLOYMENT CONTINUING OBLIGATIONS TO INSULET CORPORATION (CONFIDENTIALITY, NON-SOLICIT, NON-COMPETE AND IP ASSIGNMENT AGREEMENT)**

Dear Basil:

In light of your resignation from employment with Insulet Corporation ("Insulet") effective July 11, 2025 ("Termination Date"), I am writing to remind you of the post-employment obligations contained in the Confidentiality, Non-Solicit, Non-Compete and IP Assignment Agreement between you and Insulet dated March 15, 2023 (the "Agreement"), a copy of which is attached to this letter.

In your role at Insulet as Senior Manager, Trade Channel Strategy, you had regular access to and helped create Confidential Information (as defined in the Agreement). As you are aware, such Confidential Information is of substantial value to Insulet and the protection of the same is of the utmost importance to Insulet.

As outlined in Section 2 of the Agreement, you are restricted from engaging in any unauthorized use or disclosure of any such Confidential Information *during employment and for so long thereafter as such information qualifies as Confidential Information*. To be clear, these restrictions extend to any reference to such Confidential Information, including information that may reside in your personal recollection or that was not documented. In addition to the restrictions set forth in the Agreement, state law imposes on you a continuing duty of loyalty, which prohibits you from using, referencing or disclosing Insulet's Confidential Information *at any time* after your employment with Insulet. Such Confidential Information includes, without limitation, any non-public information that you may have seen, developed, or had access to (in any form or media) in connection with your employment, such as, roadmaps; strategy and planning documents and information; national sales meeting materials and information; company challenges and/or advantages; quarterly business reviews; retail/pharmacy strategies, planning or analytics; sales strategies, customer lists, and pricing information; confidential agreements/contracts; product development and channel strategies; financial or pricing information; and/or market access information, all of which Insulet is the sole and exclusive owner. Insulet takes these obligations seriously and expects full compliance to protect the integrity of its operations and the privacy of its customers, employees and business partners.

Unfortunately, we recently became aware that within the weeks preceding your notice of resignation, you downloaded and transmitted Confidential Information to your personal Mac computer and iPad *in direct violation of multiple Insulet policies and the terms outlined in your Agreement*. The materials in question include, without limitation, confidential agreements with our pharmacy channel partners, and PowerPoint presentations labeled "Insulet Confidential" concerning our Rx processes, retail channel optimization, and HUB-lite. Should a competitor gain access to these materials, or any others, it would pose a significant and potentially irreparable risk to Insulet's competitive position, business relationships, and long-term strategic interests.

NASDAQ **PODD** | Insulet.com

Docusign Envelope ID: 7D07BD1E-FF4C-4909-80E6-C7C8A205155E



**Insulet**
maker of Omnipod

Insulet Corporation
100 Nagog Park
Acton, MA 01720

As such, Insulet requests that you *immediately delete and destroy* any and all such Confidential Information from your personal computer, tablet, email or otherwise in your possession (whether in physical or electronic format) *and certify destruction* by signing and returning this letter by **Monday July 14, 2025**, as outlined below. Moving forward and in connection with your employment with any future employer, *it is essential that you strictly adhere to the confidentiality and other obligations of the Agreement.*

Further, as outlined in Section 2 of the Agreement, as of the Termination Date you are under an obligation to return to Insulet all Insulet property, including but not limited to, all documents, records, equipment, data, files, keys, card passes, as well as all originals and copies of any and all Confidential Information, whether in electronic or hard copy. If you have not already done so, please return any and all remaining Insulet property that may still be in your possession in accordance with the offboarding instructions that were provided prior to your last day of employment.

As further outlined in Section 3 of the Agreement, for a period of one (1) year following the Termination Date, you are prohibited from, among others: (a) soliciting any Covered Employee (as defined in the Agreement) to leave the employment of Insulet; (b) hiring, or attempting to hire, or assist in hiring any Covered Employee on behalf of a Competing Business (as defined in the Agreement); (c) soliciting, or attempting to solicit a Covered Customer or Key Relationship (each as defined in the Agreement) for the purpose of doing any business that would compete with Insulet; (d) knowingly engage in any conduct that is intended to cause, or could reasonably be expected to cause the Covered Customer or Key Relationship to stop or reduce doing business with Insulet, or that would involve diverting business opportunities away from Insulet; (e) providing services for the benefit of a Competing Business within the Territory (as defined in the Agreement) **that are the same or similar in function or purpose to those you provided to Insulet during the Look Back Period** (as defined in the Agreement); and (f) **taking on any other responsibilities for a Competing Business that would involve the probable use or disclosure of Confidential Information** or the conversion of Covered Customers or Key Relationships to the benefit of a Competing Business or detriment of Insulet.

Please be advised that once your new employer is confirmed, we intend to formally notify them of your continuing obligations under the Agreement, along with the findings to date regarding your unauthorized transmission of Insulet's Confidential Information. As noted above, if it is confirmed that you have joined or intend to join a direct competitor, the Agreement prohibits you from engaging in (i) any activities **that are the same or similar in function or purpose to those you provided to Insulet; and (ii) taking on any other responsibilities for a Competing Business that would involve the probable use or disclosure of Confidential Information, for a period of one (1) year.** This restriction is a critical safeguard designed to protect Insulet's proprietary information and preserve our competitive advantage—protections we will vigorously enforce should we determine that your obligations have been breached.

The above is not an exhaustive summary of your post-employment obligations set forth in the Agreement. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of Insulet's rights or remedies, either at law or in equity, in connection with any of the topics raised in this letter, all of which are expressly reserved. *Insulet is fully prepared to defend its rights should you choose to further breach the Agreement or other duties in any way and will do so to the fullest extent necessary to protect itself.*

By **July 14, 2025**, please confirm, by way of signature below, that you have received a copy of this letter, will comply with your obligations outlined in the Agreement, and certify that you have permanently deleted and destroyed any and all Confidential Information of Insulet.

NASDAQ **PODD** | Insulet.com

Docusign Envelope ID: 7D07BD1E-FF4C-4909-80E6-C7C8A205155E


maker of Omnipod

Insulet Corporation
100 Nagog Park
Acton, MA 01720

A copy of such signed version can be provided electronically to me at cfuller@insulet.com. Please contact me directly if you have any questions.

Sincerely,

*Christine Fuller*

**Christine Fuller**
**Senior Director, Legal Counsel**

Encl: Confidentiality, Non-Solicit, Non-Compete and IP Assignment Agreement

### Acknowledgment of Receipt and Review and Certification of Destruction

I, Basil Samara, acknowledge that on the date listed below that I received a copy of this letter, will comply with my obligations outlined in the Agreement, and certify that I have permanently deleted and destroyed any and all Confidential Information of Insulet.

_Basil Samara_
Signature

_Basil Samara_
Printed Name

_7/14/25_
Date

NASDAQ PODD | Insulet.com