UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INSULET CORPORATION

    Plaintiff,

v.                                            CASE NO: 8:25-cv-03277-KKM-LSG

BASIL ALI MOHAMMED SAMARA,

    Defendant.
_____/

# DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

    Defendant, BASIL ALI MOHAMMED SAMARA, by and through his undersigned counsel, file Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint filed February 2, 2026, and state as follows:

    1.    Denied.

    2.    Admitted only that Defendant "worked for Insulet for ten years" and that his most recent position allowed access to Plaintiff's business information and business relationships. Without knowledge of Plaintiff's legal conclusions set forth in the first, second and third sentences of Paragraph 2 of the Amended Complaint and therefore denied.

1

3. Denied.

## I.   THE PARTIES

4. Without knowledge and therefore denied.

5. Admitted.

## II.   JURISDICTION AND VENUE

6. Denied.

7. Without knowledge of Plaintiff's legal conclusions and therefore denied.

8. Denied.

9. Admitted only that Defendant "resides within this judicial district." All remaining allegations are denied.

10. Denied.

## III.   FACTUAL ALLEGATIONS

**A. Insulet Earned a Competitive Edge in the Market for Insulin Delivery Devices After Years of Collecting and Assessing Data to Develop a Pharmacy Sale Channel**

11. Without knowledge and therefore denied.

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

## B. Mr. Samara Held a Position of Trust in Developing Insulet's Pharmacy Sales Channel

26. Without knowledge of Plaintiff's legal conclusions regarding "integrally involved" and "innovative pharmacy sales channel," and therefore denied.

27. Admitted.

28. Without knowledge of when "Insulet began exploring the feasibility of a pharmacy sales channel" and Plaintiff's legal conclusions

concerning "leadership team" and "pharmacy sales channel," and therefore denied.

29. The first two sentences of Paragraph 29 of Plaintiff's Amended Complaint are admitted. As to the third sentence in Paragraph 29, without knowledge of Plaintiff's legal conclusions regarding "valuable confidential information," and therefore denied.

30. Without knowledge of Plaintiff's legal conclusions and therefore denied.

31. Without knowledge of Plaintiff's legal conclusions and therefore denied.

32. Without knowledge of Plaintiff's legal conclusions and therefore denied.

33. Admitted.

34. Admitted.

**C. Mr. Samara Signed a Confidentiality and Non-Compete Agreement in Recognition of the Irreparable Harm That Would Result to Insulet if Mr. Samara Took Insulet's Confidential Information and Relationships to a Competitor**

35. Without knowledge of Plaintiff's legal conclusions and therefore denied.

36. Admitted, except without knowledge of Plaintiff's legal conclusion that the referenced "Agreement" is "currently operative" and therefore denied.

37. Denied, except admitted only that the referenced "Agreement" speaks for itself.

38. Without knowledge of Plaintiff's legal conclusions and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

41. Without knowledge of Plaintiff's legal conclusions and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

42. . Without knowledge of Plaintiff's legal conclusions and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

43. Without knowledge of Plaintiff's legal conclusions and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

    a. See above incorporated by reference.

    b. See above incorporated by reference.

    c. See above incorporated by reference.

    d. See above incorporated by reference.

    e. See above incorporated by reference.

    f. See above incorporated by reference.

44. . Without knowledge of Plaintiff's legal conclusions and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

45. Without knowledge of Plaintiff's legal conclusions and therefore denied, except admitted only that the referenced "Agreement" speaks for itself.

46. Without knowledge of Plaintiff's legal conclusions and therefore denied.

### D. Mr. Samara Resigned from Insulet and Acknowledged His Continuing Confidentiality and Non-Compete Obligations Under the Agreement

47. Admitted.

48. Without knowledge and therefore denied.

49. Denied, except admitted only that Insulet referenced the "Agreement."

50. Denied, except admitted only that Plaintiff allowed Defendant to access business information in the course and scope of his employment.

51. Denied that Defendant "attempt[ed] to take with him Insulet's valuable confidential information." Admitted only that Defendant "signed a statement" concerning Plaintiff's alleged business information.

52. Denied.

53. Without knowledge, therefore denied, except admitted only that Defendant removed his LinkedIn profile showing employment with Plaintiff.

### E. Tandem Diabetes Care, Inc.

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Without knowledge and therefore denied.

58. Without knowledge and therefore denied.

### F. Insulet Has Reason to Believe That Mr. Samara Worked at Tandem to Develop Tandem's Pharmacy Sales Channel

59. Denied that Defendant had an obligation "to disclose his next position" to Plaintiff. Otherwise, without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Without knowledge and therefore denied.

63. Admitted only that Defendant worked at Tandem. Otherwise without knowledge and therefore denied.

64. Without knowledge and therefore denied.

65. Without knowledge and therefore denied.

66. Without knowledge and therefore denied.

67. Without knowledge and therefore denied.

68. Denied.

### G. Tandem Severs their Employment Relationship with Mr. Samara After the Filing of this Lawsuit.

69. Admitted.

70. Without knowledge and therefore denied.

71. Denied that Defendant has any obligation to provide referenced information to Plaintiff.

## COUNT I: BREACH OF THE PROTECTIVE COVENANT (SECTION 3) OF THE AGREEMENT

72. Defendant restates and incorporates its responses to Paragraphs 1 through 71.

73. Without knowledge of Plaintiff's legal conclusion and therefore denied.

74. Without knowledge and therefore denied.

75. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.,

76. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

77. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

78. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

79. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT II: BREACH OF THE CONFIDENTIALITY PROVISIONS (SECTION 2) OF THE AGREEMENT

89. Defendant restates and incorporates its responses to Paragraphs 1 through 71

90. Without knowledge of Plaintiff's legal conclusion and therefore denied.

91. Without knowledge and therefore denied.

92. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

93. Admitted only that the referenced "Agreement" speaks for itself; otherwise denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Amended Complaint contained in any clause beginning with the phrase "Wherefore" or anywhere else in the Amended Complaint.

## AFFIRMATIVE DEFENSES

*FIRST AFFIRMATIVE DEFENSE:* **Restrictive Covenant is unenforceable.**

The Restrictive Covenant is unenforceable as both the temporal and geographical scope are unreasonable and overbroad. "The restrictions of the Protective Covenant apply throughout the United States for a period of one year. The nationwide scope is overbroad, and the one-year duration is unreasonable.

***SECOND AFFIRMATIVE DEFENSE*: Choice of Law.**

Defendant asserts that Massachusetts law governs the interpretation and enforcement of the alleged restrictive covenants due to the Agreement's choice-of-law provision, which designates Massachusetts law as controlling. While Defendant resided in Florida, his work was on a national level and not just restricted to Florida, and Insulet's principal place of business is in Massachusetts, establishing a substantial relationship with the state.

***THIRD AFFIRMATIVE DEFENSE*: Failure to Prove Causation and Damages.**

Plaintiff cannot prove causation or damages with reasonable certainty. "The market for insulin delivery devices is highly competitive, with only a limited number of manufacturers, and therefore gained sales from one often mean lost sales to others." "On information and belief, Mr. Samara's breaches and work for Tandem to develop its pharmacy sales channel have diverted sales away from Insulet and to Tandem that far exceed $75,000." Plaintiff's alleged damages are speculative, conclusory, and not tied to any specific act by Defendant with the required evidentiary certainty.

*FOURTH AFFIRMATIVE DEFENSE*: **No Breach.**

Defendant did not breach any enforceable contractual provision. Plaintiff pleads "on information and belief" that Defendant worked for Tandem Diabetes Care, Inc. in a role "the same or similar" to his Insulet role and that he solicited customers, wholesalers, retailers, and vendors including ASPN, and used or disclosed Insulet confidential information. These conclusory allegations are denied, and Plaintiff cannot meet its burden to prove a breach.

*FIFTH AFFIRMATIVE DEFENSE:* **Overbroad Definition of Confidential Information.**

The Agreement's definition and Plaintiff's assertion of "Confidential Information" are overbroad and encompass publicly available or generally known information, employee skills, general know-how, experience, or information not maintained as secret, which are not protectable. Plaintiff further failed to identify what confidential information was allegedly taken or used.

*SIXTH AFFIRMATIVE DEFENSE:* **Lack of Causation and Damages/Speculation.**

Plaintiff cannot prove that any act by Defendant proximately caused legally cognizable damages, its alleged harm is speculative and attributed to market dynamics and independent business developments. Plaintiff attributes Tandem's reported coverage expansion and quarterly revenue to Defendant's purported involvement while simultaneously crediting Tandem's "skilled team" and market access hiring in public statements. Plaintiff's damages allegations rely on speculative diversion theories and generalized assertions not tied to any specific act by Defendant.

***SEVENTH AFFIRMATIVE DEFENSE:* Lack of Subject Matter Jurisdiction.**

This Court lacks subject matter jurisdiction. Plaintiff's Amended Complaint failed to allege facts establishing diversity jurisdiction over claims pursued under state law.

### RESERVATION OF RIGHTS

Defendant reserves the right to add additional affirmative defenses should the discovery process present new evidence of which to support additional affirmative defense and amendment herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of February 2026 I electronically filed the foregoing via the CM/ECF system which will serve a copy by e-mail on all counsel of record.

*s/ Kevin D. Zwetsch*
Kevin D. Zwetsch
Florida Bar No. 0962260
kevin.zwetsch@brickbusinesslaw.com
Richard L. Perez, Esquire
Florida Bar No. 1055240
richard.perez@brickbusinesslaw.com
Brick Business Law, P.A.
3413 W. Fletcher Ave.
Tampa, Florida 33618
Phone: (813) 816-1816
*Attorney for Basil Ali*
*Mohammed Samara*
